IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| Z BROTHERS LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:17-CV-0491-VEH |
| | ) |
| LONE STAR STEAKHOUSE & | ) |
| SALOON OF ALABAMA, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

The above-entitled civil action is before the Court on Plaintiff Z Brothers LLC's Motion for Default Judgment. (Doc. 24). Z Brothers LLC seeks a judgment by default against Defendant Lone Star Steakhouse & Saloon of Alabama, Inc. ("Lone Star") with respect to all claims alleged in its complaint.

Z Brothers LLC filed the complaint in this action on March 29, 2017. (Doc. 1). Z Brothers LLC then filed its Amended Complaint on May 17, 2017. (Doc. 7). Z Brothers LLC is a landlord who rented property to Lone Star. (*Id.* at 2). In its Amended Complaint, Z Brothers LLC alleges three counts for breach of contract and one count for declaratory judgment. (*Id.* at 5-7). These counts arise from an alleged failure to pay rent, repair, and insure the subject property. (*Id.* at 1-5). As a result of

these failures, Z Brothers LLC terminated the lease. (*Id.* at 5).

The summons and Complaint were served on Lone Star on May 22, 2017. (Doc. 9). On July 10, 2017, after Lone Star failed to appear, answer, or otherwise defend, Z Brothers LLC filed a Motion for Entry of Default. (Doc. 20). The Clerk's Entry of Default against Lone Star occurred on July 18, 2017. (Doc. 22). Z Brothers LLC filed its Motion for Default Judgment on September 25, 2017. (Doc. 24).

As support for its Motion for Default Judgment, Z Brothers LLC has submitted the affidavit of James P. Pewitt, the attorney of record for Z Brothers LLC. (Doc. 24-1). The affidavit establishes that "Lone Star is neither a minor nor an incompetent person." (*Id.* at 4).

## II. STANDARDS AND ANALYSIS

Federal Rule of Civil Procedure 55 provides in pertinent part:

> **(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b) Entering a Default Judgment.**
>
> . . .
>
> **(2)** *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the

party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

>   **(A)** conduct an accounting;
>
>   **(B)** determine the amount of damages;
>
>   **(C)** establish the truth of any allegation by evidence; or
>
>   **(D)** investigate any other matter.

FED.R.CIV.P. 55.

Because default has been entered against Lone Star, the allegations of the Z Brothers LLC's complaint are taken as true. *See* 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2688 (3d ed. 1998) ("If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

The Court's analysis of Z Brothers LLC's Motion for Default Judgment involves a two-step process. First, the Court must satisfy itself that it has jurisdiction over the parties and the subject matter of the lawsuit. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (holding that district courts "always have an obligation

to examine *sua sponte* their jurisdiction before reaching the merits of any claim"). Second, the Court must ensure that Z Brothers LLC has satisfied the elements of Rule 55 and is entitled to the default judgment it seeks. *See Nishimatsu Constr. Co v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)[1] (explaining that "a defendant's default does not in itself warrant the court entering a default judgment" and that "[t]here must be a sufficient basis in the pleadings for the judgment entered").

A. **Jurisdiction**

1. *Personal Jurisdiction*

It is an elementary requirement that personal jurisdiction must be established in every case before a court has power to render any judgment. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104 (1982). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

The record establishes that Lone Star is at home in Alabama because it is an

---

[1] All decisions of the former Fifth Circuit handed down prior to September 30, 1981, constitute binding precedent on this Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

Alabama domestic corporation. (Doc. 7 at 2). Accordingly, the Court finds that it has personal jurisdiction over the parties.

## 2. *Subject Matter Jurisdiction*

For federal courts sitting in diversity, as is the case here, subject matter jurisdiction exists if the suit is between "Citizens of different States" and "the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332. Z Brothers LLC alleges in the complaint that it is a Delaware limited liability company. (Doc. 7 at 1-2). Its only two members reside in Delaware. (Doc. 11 at 2). Z Brothers LLC alleges that Lone Star is an Alabama corporation with its principal place of business in Texas. (Doc. 7 at 2). Since Lone Star defaulted, these allegations are deemed to have been admitted and the Court therefore finds that complete diversity exists.

The complaint alleges that the amount in controversy exceeds $75,000.00. (*Id.* at 1). Since this allegation is deemed to be admitted, the Court finds that the amount in controversy exceeded $75,000.00, exclusive of interest and costs, at the time the lawsuit was filed.

Because the Court finds that the complete diversity and amount-in-controversy requirements have been met at the time the lawsuit was filed, the Court is satisfied that it has subject matter jurisdiction to entertain Z Brothers LLC's Motion for

Default Judgment.

### B. Z Brothers LLC is Entitled to a Default Judgment Against Lone Star

Federal Rule of Civil Procedure 55(b)(2) allows the Court to enter a default judgment when the Clerk has entered default and the party seeking judgment has applied to the court for a default judgment. To determine whether the moving party is actually entitled to a default judgment, the court must review the sufficiency of the complaint and its underlying merits. *See Stegeman v. Georgia*, 290 F. App'x 320, 323 (11th Cir. 2008) (citing *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The law is well-settled that "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact." *Tyco Fire & Sec.*, 218 Fed. App'x at 863. However, the court has "an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2007).

The Court finds that Z Brothers LLC has established that it is entitled to a default judgment against Lone Star on this action. "The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." *Reynolds Metals Co. v. Hill*, 825 So.2d

6

100, 105-06 (Ala. 2002) (citing *State Farm Fire & Cas. Co. v. Slade*, 747 So.2d 293, 303 (Ala. 1999)). Here, Z Brothers LLC pleaded that there was a valid contract between Z Brothers LLC and Lone Star. (Doc. 7 at 2). The Court can also reasonably infer from the complaint, and attached documents, that Z Brothers LLC has performed its end of the contract. Z Brothers LLC pled the ways in which Lone Star breached the contract. (*Id.* at 2-5). It alleges a breach of Section 5 (failure to repair), Section 4(h) (failure to insure), and the rent addendum (failure to pay rent). (*See* Doc. 7); (*see also* Doc. 7-1).

### i. Damages for Failure to Pay Rent

Z Brothers LLC pled damages resulting from the breach of contract for the failure to pay rent. (Doc. 7 at 2-3). In the Motion for Default Judgment, Z Brothers LLC asks for $76,570.44, with interest of 18% per annum, and $9,764.65 in attorneys' fees. (Doc. 24 at 4).[2] These damages are supported by Demetrious Zerefos's declaration from July 10, 2017. (*See* Doc. 20-1 at 3-7). However, the Court takes its duty to ensure there is a legitimate basis for damages seriously. As such, Z Brothers LLC should submit additional documentation showing the existence of damages (as explained further below).

---

[2] Attorneys' fees are discussed in Section 12(f) in the lease. (Doc. 7-1 at 16).

### ii. *Damages for Failure to Repair and Insure*

The Amended Complaint and Demetrios Zerefos's affidavit contemplate the Court awarding compensatory damages for the failure to repair in Count Two. (Doc. 7 at 6); (Doc. 20-1 at 6). However, an "amount to be determined" is not specific enough when asking the Court for a default judgment. (Doc. 20-1 at 6) (asking for "[a]n amount to be determined to repair and restore the Property"). "[T]he law is clear that a plaintiff seeking default judgment must prove its damages, and that a district court cannot enter a default judgment awarding money damages that are uncertain or speculative on the record before it." *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp. 2d 1287, 1294 (S.D. Ala. 2010).

Similarly, Z Brothers LLC includes a claim for the failure to insure in Count Three. (Doc. 7 at 7). However, Z Brothers LLC has not submitted evidence of damages.

### III. CONCLUSION

For the aforementioned reasons, Z Brothers LLC has until **January 1, 2018**, to submit evidence and exhibits to support claims for monetary damages under Counts I, II, and III. This evidence should include, but is not limited to:

- Evidence of the calculations behind the unpaid rent, taxes, and fees. This should include calculations behind the alleged 18% interest.

- Evidence behind the alleged attorneys' fees. This should include a break down of the hours spent, and the hourly fee charged.

- Evidence of damages alleged from the failure to repair.

- Evidence of the damages alleged from the failure to insure.

- A representation to the Court whether Lone Star is still in possession of the property.

- Any other evidence of damages the Court would need to ensure that there is a legitimate basis for damages.

Z Brothers LLC does not have to pursue damages on all of its claims. However, if that is the case, it should let the Court know so that judgment can be granted on those claims on which <u>liability is established and damages proved</u>. In conclusion, the Court **DEFERS** ruling on the Motion for Default Judgment.

**DONE** and **ORDERED** this 5th day of December, 2017.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge